COURT OF APPEALS.

FRANKLIN W. HUNT, respondent agt. THE MICHIGAN SOUTH-
ERN AND NOTHERN INDIANA RAILROAD COMPANY, appel-
lants.

In an action against a common carrier for damages arising from injury to property,
where there is no question of law, but the only question arising in the litigation
is one of fact, the judgment of the court below will be affirmed.

*September Term*, 1867.

APPEAL from the New York common pleas.

The action was for injury by the negligence of the defend-
ants to the medical library of the plaintiff, which was
delivered to them as carriers for transportation.

The books were received by the defendants, properly
boxed, in perfect order, at Rolling Prairie, Indiana, on the
5th of April, 1854. In their receipt of that date they stated
that they were to forward them to the plaintiff at Bergen,
New Jersey, without further liability after railroad or lake
shipment, or loss by fire.

The plaintiff, who is a physician residing in New York,
after his return, went to Bergen, from time to time, for the
property, but could get no account of it. At length, some
three weeks after the delivery to the defendants, he found
the boxes at Jersey city, in the depot of the New York and
Erie Railroad Company. They were dry and in apparent
good order. He paid the freight and took them home; when,
upon opening the boxes, he found that the contents had been
wet, that the books had been soaked through, and that the
injury had occurred so long before that the bed clothes boxed
with the books were all mildewed. The property was dam-
aged to the extent of $150.

The defendants gave no evidence to exonerate themselves
from the imputation of negligence on their own road, nor to
explain what was done with the boxes during the three days

which intervened between their shipment at Rolling Prairie and their delivery to the next carrier at Toledo. The appellants introduced the receipt of the Cleveland and Toledo Company, dated on the 8th of April, covering a large amount of property, in which this was included, and describing the whole as in good order and condition. It did not appear, however, that the goods were examined at all, or that they were in good order in fact. The marine court, upon these facts, held that the damage was due to the defendants' negligence; and the judgment was affirmed on appeal to the New York common pleas, the opinion of the court being delivered by Judge DALY.

CHARLES TRACY, *for appellants.*
WM. W. NILES, *for respondent.*

PORTER, J. There is nothing in the evidence to justify the claim that the property was injured after it passed from the custody of the defendants. The mildewed condition of the blankets indicated that the goods were drenched at an early stage in their transportation. If the fact was otherwise, the appellants had the means of proving it. They furnished no explanation of the detention of the property for three days on the way from Rolling Prairie to Toledo, and it is fair to infer that the injury occurred within that period. This inference is not repelled by the circumstance that they procured a third party to sign a receipt, without examination, describing the packages as in good order on their re-shipment at Toledo. This simply confirmed the evidence of the plaintiff, that there was nothing in the exterior appearance of the boxes to indicate the damaged condition of the contents. The question was one of fact. No error of law was committed on the trial, and the court below was right in affirming the judgment.

All the judges concurring.

Judgment affirmed.